IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LERMA, ) | No. C 11-4880 LHK (PR) |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | AS DUPLICATIVE; |
| v. ) | INSTRUCTIONS TO CLERK |
| WARDEN G.D. LEWIS, ) | |
| Respondent. ) | (Docket Nos. 2, 3.) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of his parole because (1) it violated the Ex Post Facto Clause, and (2) it violated the terms of his plea bargain. For the reasons stated below, the Court dismisses the petition as duplicative.

**BACKGROUND**

According to the petition, Petitioner pleaded guilty, and was convicted of second degree murder, on October 15, 1981. He was sentenced to a prison term of 15-years to life. He was denied parole in 2009. He filed unsuccessful state habeas petitions, challenging that denial. Petitioner filed the instant petition in the Eastern District of California on September 22, 2011. The Eastern District of California transferred this action to this Court on October 5, 2011.

**DISCUSSION**

**A.      Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

Petitioner claims that the Board of Parole Hearings' 2009 decision to defer Petitioner's next parole hearing for fifteen years pursuant to Marsy's Law violated the Ex Post Facto Clause. Petitioner also claims that the denial of parole violated his plea agreement. Liberally construed, Petitioner has set forth cognizable claims for relief.

**C.      Second or Successive Petition**

On August 30, 2011, Petitioner filed a federal habeas petition in Case No. 11-4265 LHK, challenging the same 2009 denial of parole. In general, a claim presented in a second or successive petition under 28 U.S.C. § 2254 that was not presented in a prior petition must be dismissed unless it satisfies one of two sets of requirements, neither of which are applicable here. However, where a new *pro se* habeas petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (holding that petitioner's second *pro se* habeas petition was not successive under § 2244 and should instead be construed as a motion to amend because it was filed while his previous petition was still pending before the district court). As of today, Petitioner's petition in Case No. 11-4265 LHK has not yet been adjudicated. Thus, it is inappropriate to dismiss the instant petition as a successive petition. *See id.*

Instead, the Court construes the underlying petition as a motion to amend the petition in

Case No. 11-4265 LHK. *See id.* The Court notes that Petitioner has not filed any prior amendments in Case No. 11-4265 LHK; there is no evidence of bad faith or undue delay; and there appears to be no prejudice to Respondent to allow an amendment. So construed, the motion to amend is GRANTED. *Cf. Waldrip v. Hall*, 548 F.3d 729, 731-32 (9th Cir. 2008) (noting that public policy strongly encourages courts to permit amendments).

## CONCLUSION

In light of *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008), the underlying petition is construed as a motion to amend the petition in Case No. 11-4265 LHK. **The Clerk is directed to file the petition in Case No. 11-4880 LHK as a supplemental petition in Case No. 11-4265 LHK and close the file in this case, Case No. 11-4880 LHK, as duplicative. The Clerk is also directed to file a copy of this Order in Case No. 11-4265 LHK.**

**Respondent's December 20, 2011 motion to dismiss in Case No. 11-4265 LHK (Dkt No. 6) is VACATED. Within sixty days** of the filing date of this Order, Respondent shall file a an answer to all claims, conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the Court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the

1  document to Respondent's counsel.  Petitioner must keep the court and all parties informed of
2  any change of address by filing a separate paper captioned "Notice of Change of Address."  He
3  must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
4  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
5  41(b).

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED:   1/5/12

_____
LUCY H. KOH
United States District Judge