IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LERMA, | No. C 11-4265 LHK (PR) |
| Petitioner, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PETITION; FURTHER BRIEFING |
| v. | |
| WARDEN G.D. LEWIS, | (Docket No. 13) |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2009 decision by the California Board of Parole Hearings' ("Board") decision which determined that Petitioner was unsuitable for parole. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed a motion to dismiss the petition for failing to state a claim, or in the alternative, as untimely. Petitioner has filed an opposition. Respondent has filed a reply. Having considered the papers submitted, the Court GRANTS in part and DENIES in part Respondent's motion to dismiss.

## BACKGROUND

On November 9, 1981, Petitioner was sentenced to a term of fifteen years to life. (Pet. at 2.) On February 25, 2009, the Board found Petitioner to be unsuitable for parole. (*Id.*, Ex. D-6.) Petitioner filed unsuccessful state habeas petitions in the Superior Court, California Court of Appeal, and California Supreme Court. Petitioner filed his federal petition on August 23, 2011, arguing that

the Board has a "blanket policy" of denying parole to all inmates housed in the Secured Housing Unit ("SHU"), and that the Board failed to provide him with individualized consideration. Petitioner then filed a supplemental petition on September 11, 2011, arguing that Marsy's Law violated the Ex Post Facto Clause, and the denial of his parole violated his 1981 plea agreement.

**DISCUSSION**

Respondent moves to dismiss Petitioner's original and supplemental petitions for failure to state a claim, and as untimely. The Court will first address the timeliness of Petitioner's original and supplemental petitions then discuss Respondent's argument that Petitioner failed to state a claim.

I.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under the AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions such as the revocation of good time credits or the denial of parole, section 2244(d)(1)(D) applies. *See id.* at 1066. Under section 2244(d)(1)(D), the one-year limitation period starts on the date upon which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "when the prisoner knows (or through diligence

could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (internal quotation marks omitted); *see Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when the Board denied prisoner's administrative appeal challenging denial of parole).

Here, the date the Board denied Petitioner's parole was February 25, 2009. (Pet., Ex. D-6.) The decision became final on June 25, 2009. (*Id.*, Ex. D-6 at 104.) Therefore, the limitations period began running the following day, on June 26, 2009. *See Shelby*, 391 F.3d at 1066. Thus, Petitioner had until June 25, 2010 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner filed his original federal petition on August 23, 2011, and his supplemental petition on September 11, 2011. Thus, the petitions are untimely unless Petitioner can establish statutory or equitable tolling.

A. <u>August 23, 2011 petition</u>

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The circumstances under which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law. *Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc). A prisoner challenging an administrative decision can receive statutory tolling for the period when state habeas petitions are pending. *See Redd*, 343 F.3d at 1084. Tolling is available for the intervening period between state habeas petitions but only when the petitioner files the later state habeas petition "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 198 (2006); *see Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Here, the statute of limitations began to toll when Petitioner filed his first state habeas petition on August 12, 2009. (Mot., Ex. 1.) By that time, 48 days of the statute of limitations had passed. Between October 14, 2009, the date the Superior Court denied the petition, and December 24, 2009, the date Petitioner filed his state habeas petition in the California Court of Appeal, 71 days had passed. Between January 21, 2010, the date the California Court of Appeal denied Petitioner's petition, and April 1, 2010, the date Petitioner filed his state habeas petition in the California Supreme Court, 70 days had passed. Respondent argues that the delays of 70 and 71 days were

unreasonable, and thus, Petitioner should not be entitled to this "gap" tolling.

The Supreme Court has explicitly stated, "In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Chavis*, 546 U.S. at 198. The Supreme Court has also intimated that, although California's reasonableness standard may make it more difficult to determine whether a petitioner is entitled to gap tolling, the respondent should provide support to demonstrate what California requires. *Saffold*, 536 U.S. at 223 ("But it is the State's interests that the tolling provision seeks to protect, and the State, through its supreme court decisions or legislation, can explicate timing requirements more precisely should that prove necessary.").

Here, Petitioner argues that *In re Burdan*, 169 Cal. App. 4th 18 (2008), establishes that he is entitled to gap tolling. In *Burdan*, the state appellate court distinguished the considerations involved when a petitioner challenges a parole determination rather than a conviction on collateral review. *Id.* at 31. The court reasoned that, unlike where a petition attacks the conviction itself, in parole cases there is little risk of pertinent evidence being lost and the prisoner is the person most harmed by delay. *Id.* The *Burdan* court thus held that a 10-month delay between the Superior Court's denial of a habeas petition challenging a parole determination and the filing of the next petition in the California Court of Appeals was reasonable for an unrepresented prisoner because there was no potential prejudice to the state. *Id.*

Respondent does not address the issue of how *Burdan* affects this case. District courts within California disagree as to whether *Burdan* controls in this context, and the Ninth Circuit has not yet ruled on the issue. *Compare Webb v. Curry*, C 09-0054 MHP, 2010 WL 235073, at *3-4 (N.D. Cal. Jan. 21, 2010) (finding 153 day delay unreasonable and reasoning that "[c]onstruing *Burdan* to mean that any delay is reasonable when a petitioner is challenging parole denial would make California's scheme so unlike that contemplated by *Saffold* and *Chavis* that those cases would be stripped of their rationale and purpose"), *with Wilson v. Walker*, C 07-2752 GEB, 2010 WL 961843 at *1-2 (E.D. Cal. Mar. 16, 2010) (holding both a 100 day delay and a 195 day delay reasonable and reasoning that *Chavis* directs the federal courts to look to California law on the issue of timeliness).

This Court concludes that Petitioner is entitled to gap tolling. First, *Burdan* makes clear that a 10-month delay between the denial of a state habeas petition and the filing of the next, in this particular situation where the petitioner is challenging the denial of parole, is timely and not unreasonable. *See Chavis*, 546 U.S. at 198. Here, the delays between filings were 71 and 70 days -- significantly less than 10 months. Second, 71 and 70 days are not necessarily "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Third, *Chavis* ultimately held that the district court's task was to determine "whether the filing of the request for state-court appellate review . . . was made within what California would consider a 'reasonable time.'" 546 U.S. at 198. While *Chavis* did state that the Court did not "see how an unexplained delay of [six months] could fall within the scope of the federal statutory word 'pending,'" the Court expressly instructed federal courts to look to state law to determine timeliness issues. *Id.* at 201.

Because Petitioner is entitled to gap tolling, the statute of limitations did not begin to run again until October 21, 2010. Petitioner's petition was then due 317 days later, i.e., September 6, 2011.[1] Because Petitioner's original petition was filed on August 23, 2011, his original petition is timely, and Respondent's motion to dismiss the August 23, 2011 petition is DENIED.

B. September 11, 2011 supplemental petition

Petitioner's supplemental petition, however, was filed on September 11, 2011.[2] For the reasons stated above, Petitioner is entitled to statutory tolling, however, his September 11, 2011 supplemental petition was still filed five days too late.[3]

---

[1] The statute of limitations deadline technically was September 3, 2011. However, because September 3, 2011 fell on a Saturday, the deadline became the following Monday, September 5, 2011. Fed. R. Civ. P. 6(a)(1)(C). But, because September 5, 2011, was Labor Day, a federal holiday, the deadline extended to Tuesday, September 6, 2011. *Id.*

[2] The petition's certificate of service indicates that Petitioner certifies he handed the supplemental petition to prison officials for filing on September 11, 2011. However, in Petitioner's opposition, he states that he handed it to prison officials to make copies on September 11, 2011, and handed it over for mailing on September 16, 2011. (Opp. at 23.) Giving Petitioner the benefit of the doubt, the Court will use September 11, 2011, as the date Petitioner filed his supplemental petition.

[3] Although neither party argues that Petitioner's supplemental petition should relate back to the date of the original petition, at a cursory glance, it does not appear that Petitioner's supplemental claims would justify the imposition of Rule 15. Fed. R. Civ. P. 15(c); *see Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ

Petitioner argues that he should receive additional tolling for the 3-day periods between the denials of his state habeas petitions and the time it took for him to receive each denial by mail. (Opp. at 27-28.) Petitioner misreads Federal Rule of Civil Procedure 6(d). Rule 6(d) allows for an additional three days to be added to a service deadline when a party must act within a certain time after service. *See* Fed. R. Civ. P. 6(d). It is inapplicable in this situation.

Petitioner also argues that the statute of limitations should not include the federal holidays within the limitations period. (Opp. at 26-27.) This argument is contrary to the Federal Rules. *See* Fed. R. Civ. P. 6(a)(1)(B).

Petitioner further argues that the filing dates used for his state and federal petitions to calculate the statute of limitations should be the dates on which he delivered each petition to prison officials for copying, rather than the dates on which he handed them to prison officials for mailing. (Opp. at 23-24.) Petitioner cites no authority to support his claim that the dates on which he submitted his petitions for copying should be counted as the dates he "constructively filed" his petitions. *Cf. Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing). Further, even if the Court calculated the statute of limitations using the dates on which Petitioner gave his petitions to prison officials for copying, it would make no difference. Because Petitioner is entitled to gap tolling during the time he is completing one full round of state habeas review, the only petitions that are relevant to Petitioner's "constructive filing" argument are his state habeas petition to Superior Court, and his supplemental federal petition. Here, Petitioner argues that the filing date of his state habeas petition in the Superior Court was August 12, 2009. (Opp. at 22.) Petitioner also argues that the filing date of his supplemental federal petition should be September 11, 2011. (Opp. at 23.) Those are the same dates this Court used in its statute of limitations calculations. Thus, Petitioner's argument regarding the constructive filing dates does not affect the timeliness analysis.

Petitioner finally argues that he is entitled to equitable tolling.[4] Petitioner argues that from

---

in both time and type from those the original pleading set forth.").

[4] Petitioner includes an argument that he is entitled to additional time pursuant to 28 U.S.C. § 2244(d)(1)(B). However, section 2244(d)(1) merely directs how to correctly determine the commencement of the statute of limitations. It does not provide a tolling mechanism.

July 1, 2010 through January 11, 2011, inmates in the SHU, such as himself, were allowed to go to the law library three days a week. From January 11, 2011 through March 1, 2011, the prison instituted a lockdown for Southern Hispanics, including Petitioner in the SHU, which meant he was unable to access the law library. Petitioner alleges that within those eight months, he requested law library access six times, but was unable to get it because he did not have priority status. (Opp. at 30.) Petitioner claims that he had to use the "legal paging system," which was very slow, and he was ignorant as to how to prepare a federal petition or even make a federal claim. (*Id.* at 30-31.) Finally, Petitioner asserts that in the end, he had another inmate draft and prepare both his original and supplemental petitions for filing. (*Id.* at 31.)

The Supreme Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted).

A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Further, Petitioner concedes that "ordinary prison limitations on . . . access to the law library and copier" do not constitute extraordinary circumstances or make it impossible to file on time. *Ramirez*, 571 F.3d at 998; *see, e.g.*, *Chaffer*, 592 F.3d at 1049 (9th Cir. 2010) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").

Here, the lockdown ended on March 1, 2011 – six months before Petitioner filed his supplemental petition. Where a prisoner fails to show "any causal connection" between the grounds

Order Granting in Part and Denying in Part Motion to Dismiss Petition; Further Briefing
G:\PRO-SE\SJ.LHK\HC.11\Lerma265mtdtime.wpd        7

upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). Thus, the lockdown, which ended six months before Petitioner filed his supplemental petition cannot serve as the basis of equitable tolling. Moreover, the fact that Petitioner filed his lengthy original petition on time on August 23, 2011, undermines Petitioner's claim that he could not file his September 11, 2011, supplemental petition on time. Futhermore, although Petitioner insists that he could not file his supplemental petition on time because he was unable to get to the law library, Petitioner concedes that he had another inmate draft both his original and supplemental petitions, thus making Petitioner's ability to get to the law library seem irrelevant. *See id.* Thus, the Court concludes that Petitioner is not entitled to equitable tolling because he has not demonstrated that "some extraordinary circumstance stood in his way and prevented timely filing." *See Holland*, 130 S. Ct. at 2562.

Accordingly, the supplemental petition must be dismissed as untimely under 28 U.S.C. § 2244(d).[5]

II.     Failure to State a Claim

Respondent argues that the original petition should also be dismissed because it fails to state a cognizable claim for relief. In its order to show cause, this Court found cognizable Petitioner's claims that the Board did not provide him with an individualized consideration of his case and that the Board had an unconstitutional blanket policy of denying parole to all SHU inmates.

Respondent argues that the petition violates the habeas rule which establishes the pleading requirement of a federal petition for writ of habeas corpus. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas

---

[5] Because the Court is dismissing the supplemental petition on timeliness grounds, it is unnecessary to address Respondent's argument that the supplemental petition fails to state a cognizable claim.

Order Granting in Part and Denying in Part Motion to Dismiss Petition; Further Briefing
G:\PRO-SE\SJ.LHK\HC.11\Lerma265mtdtime.wpd        8

petitioner must state his claims with sufficient specificity). A review of Petitioner's petition shows that, liberally construed, Petitioner's petition does indeed sufficiently state sufficient facts supporting his claims that the Board's decision violated the Equal Protection Clause. (Pet. at 67-86.) Accordingly, Respondent's motion to dismiss Petitioner's claims that the Board did not provide him with an individualized consideration of his case and that the Board had an unconstitutional blanket policy of denying parole to all SHU inmates, is DENIED.

To the extent Petitioner claims the failure to provide individualized consideration of his suitability for parole violates due process, Respondent's motion to dismiss is GRANTED. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011) (per curiam) ([i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more.").

**CONCLUSION**

1.  Respondent's motion to dismiss the petition is GRANTED in part and DENIED in part. Petitioner's claims that the Board's 2009 decision violated Marsy's Law and his 1981 plea agreement are DISMISSED as untimely.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

3.  It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 1/31/13

LUCY H. KOH
United States District Judge